JACOB A. HOUK

v.

SAMUEL S. NEWMAN.

*Replevin—Husband and Wife—Bill of Sale—Defective Acknowledgment—Levy—Exemption.*

A judgment creditor who has levied on property as belonging to the judgment debtor, a bill of sale from the latter to his wife being defective, must continue to treat it as the property of such debtor, although the latter seeks to release it from the execution as exempt under the statute.

[Opinion filed November, 18, 1887.]

APPEAL from the Circuit Court of Ford County; the Hon. A. SAMPLE, Judge, presiding.

Messrs. Thomas F. Tipton and Hugh P. Beach, for appellant.

Messrs. Cook & Moffit, for appellee.

Conger, P. J.    Appellant had sold to his wife a certain mare and colt by a bill of sale which was attempted to be acknowledged by appellant, but the Justice of the Peace, before whom the acknowledgment was attempted to be made, failed to sign the certificate of acknowledgment, and in this condition the bill of sale was recorded.

An execution against appellant was levied upon the mare and colt as the property of appellant, whereupon the latter made and delivered to the officer holding such execution, a schedule showing property to the value of $636, and including the mare and colt in question, to which schedule was added the following note:

"Please note:    The above property was, on the eleventh day of June, 1886, duly sold and conveyed by me by bill of sale for a *bona fide* consideration to my wife, Hattie M. Houk, and said bill of sale was duly acknowledged by me before Lewis E. Bressie, Justice of the Peace of Lyman Township, wherein I resided at the time and still do reside; and that said bill of sale was duly filed and recorded in the Recorder's office of Ford County, aforesaid; and that said property belongs, in fact, to my wife; but being informed that by virtue of some informality in the bill of sale said property remains, so far as third parties are concerned, in me, I schedule the same accordingly."

Appraisers valued his property, and he selected the mare and colt as a part of the four hundred dollars worth exempt by law.

The officer refusing to surrender the property, appellant brought replevin for it, and on the trial below was unsuccessful, and he thereupon brings the record to this court for review.

We can see no good reason why appellant should not, under the foregoing circumstances, recover.    True, he had attempted

to convey the property to his wife, and, as between themselves, it may be said the title had passed to her. But this is not a contest between the husband and wife, but between the husband and third persons; and as against the rights and interests of such third persons, the law declares such attempted conveyance shall not be valid. See Sec. 9, Chap. 68, R. S. In other words, as to third persons, the right, title and interest of appellant in the property remains precisely as it would have been had no attempt at a transfer been made.

The creditors of appellant have the right to treat the attempted conveyance as wholly void, and insist, as they did in the present case by levying an execution upon the property, that it belongs to appellant, and, in so doing, they must be consistent and recognize it as his for all purposes. They ought not to urge that for the purpose of subjecting it to this execution it is appellant's, but when appellant seeks to release it from the execution on the ground of it being exempt, that it is his wife's.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*